**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| **ERIC LAMONT THOMPSON,** | : | **Case No. 2:26-cv-200** |
| | : | |
| **Plaintiff,** | : | **District Judge Algenon L. Marbley** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| **vs.** | : | |
| | : | |
| **ETHAN NALLS, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**ORDER AND**
**REPORT AND RECOMMENDATION**

Plaintiff, a former Ohio prisoner at the Ross Correctional Institution (RCI), who is currently on Ohio Adult Parole Authority supervision,[1] brings this pro se action under 42 U.S.C. § 1983 and Ohio law. (Doc. 1-1). Plaintiff names twelve Defendants—who appear to be RCI employees—solely in their individual capacities: Dustin Pollock, Rosalie King, Nick Row, J. Brabson, Christopher Teixeira, Robert E. Lindsey, Ethan Nalls, T.C. Atwood, John Smith, J. Knisley, B. Reese, and Jason Caldwell. (*Id.* at PageID 5–6). By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis.* (Doc. 2).

This matter is before the Court on Plaintiff's motion for appointment of counsel (Doc. 4) and for an initial screen of the Complaint to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

---

[1] *See* Ohio Department of Rehabilitation and Correction website, https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A508719.

## I. MOTION FOR APPOINTMENT OF COUNSEL

Although this Court has the statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id.* at 606. The Court has evaluated whether such exceptional circumstances exist and determines that the appointment of counsel is not warranted at this juncture. Although Plaintiff alleges that he suffers from bipolar illness (*see* Doc. 4-1, at PageID 62), it appears from his pleadings that that he is sufficiently articulate and able to present his case to the Court. *See Andwan v. Vill. of Greenhills*, No. 1:13-CV-624, 2017 WL 194347, at *7 (S.D. Ohio Jan. 18, 2017) ("The appointment of counsel for civil litigants requires 'exceptional' circumstances beyond relatively routine circumstances such as illiteracy, poverty, lack of legal knowledge, or illness."); *see also Long v. United States*, No. 07-CV-88, 2007 WL 2815973, at *1 (W.D. Ky. Sept. 27, 2007) (denying the plaintiff's motion for appointment of counsel, despite his assertions of mental illness, where his pleadings demonstrated his ability to communicate with the Court). Accordingly, Plaintiff's motion for appointment of counsel (Doc. 4) is **DENIED** at this juncture.

## II. INITIAL SCREEN OF COMPLAINT

### A. Background

Plaintiff's claims arise out of an incident that allegedly occurred in Block-6B, at RCI, on March 27, 2024. (Doc. 1-1, at PageID 8). Although the circumstances leading up to the incident are unclear, Plaintiff alleges that he and Defendant Pollock were in an altercation, which grew to include other Defendants, after Pollock allegedly violated multiple prison policies and threatened Plaintiff. (*Id.*). Plaintiff asserts that during the altercation he was choked by Pollock, held back

by Defendant Row, and beaten by Defendants King, Teixeira, and Brabson. (*Id.* at PageID 8–9). Plaintiff further asserts that Defendant Lindsey was in the Block but failed to take corrective action, resulting in Plaintiff sustaining a broken foot and rib. (*Id.* at PageID 8–10).

Plaintiff also states, without detail, that Defendants Nalls, Atwood, Smith, Knisley, Reese, and Caldwell "aided and assisted" the above Defendants and that, after the altercation, he "was forced to sleep in a stripped cell naked overnight with said injuries." (*Id.* at PageID 11–12).

For relief, Plaintiff seeks monetary damages. (*Id.* at PageID 12).[2]

### B. Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328–29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal

[2] The Court notes that Plaintiff attaches correspondence from the Ohio Department of Job and Family services as an exhibit to his Complaint. (*See* Doc. 1-1, at PageID 11–14). Although exhibits are generally considered part of the Complaint "for all purposes," Fed. R. Civ. P. 10(c), Plaintiff nowhere refers to the exhibit in the Complaint and it appears that the exhibit was attached in error. Given Plaintiff's pro se status, and because he may have intended to include the correspondence as an exhibit to his motion for leave to proceed *in forma pauperis* (Doc. 1), the Clerk of Court will be directed below to remove the correspondence from the Complaint and refile it as an exhibit to the motion to proceed *in forma pauperis*.

basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 (explaining that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than

an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**C. Analysis**

Based on the above allegations, Plaintiff states that he is bringing claims under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. (*Id*. at PageID 12). Although Plaintiff does not specify the causes of action he intends to pursue under those provisions, the Court understands the Complaint (liberally construed, *see Erickson*, 551 U.S. at 94) to assert claims for failure to follow prison policies, threats, excessive force, failure to protect, and unconstitutional conditions of confinement due to lack of medical treatment. Plaintiff also asserts violations of his rights under Article 1, §§ 1 & 16, of the Ohio Constitution. (*Id.*).

At this stage in the proceedings, without the benefit of briefing by the parties, the undersigned concludes that Plaintiff's Eighth Amendment excessive-force claims against Defendants Pollock, Row, King, Teixeira, and Brabson, and his Eighth Amendment failure-to-protect claim against Defendant Lindsey, may proceed for the time being. The Court also finds that Plaintiff's Eighth Amendment conditions-of-confinement claim regarding the lack of medical treatment for his broken foot and rib, is also permitted to proceed at this time.

The Court, however, cautions Plaintiff that no determination has been made regarding the merits of these claims or any defenses to them, nor are Defendants Pollock, Row, King, Teixeira, Brabson, or Lindsey precluded from filing a motion to dismiss, a motion for a more definite

statement, or other appropriate motions under the Federal Rules of Civil Procedure. *See, e.g.*, *Wiley v. Austin*, No. 8:20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020). The Court is simply concluding that these claims may proceed to further development at this time.

Setting aside the above, the undersigned **RECOMMENDS** that Plaintiff's remaining claims be **DISMISSED** for the reasons below.

**1. Fifth Amendment Claims**

The Fifth Amendment governs the conduct of federal actors. Plaintiff has sued only state actors. *See San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 543 n.21 (1987) (noting that the Fourteenth Amendment applies to state actors, while actions of the federal government are reviewed under the Fifth Amendment). Because this case does not involve any federal actors, the Fifth Amendment is inapplicable. *See id.* Therefore, the Undersigned recommends dismissing Plaintiff's Fifth Amendment claims for failure to state a claim upon which relief can be granted.

**2. Fourteenth Amendment Claims**

Plaintiff also fails to state an actionable Fourteenth Amendment claim. "[T]he Eighth Amendment [not the Fourteenth Amendment] supplies the explicit textual source of constitutional protection for claims governing a prisoner's health and safety." *Guile v. Spence*, No. 2:19-CV-138, 2019 WL 4316131, at *8 (W.D. Mich. Sept. 12, 2019) (citing *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008)). There is no indication that Defendants' alleged actions with respect to Plaintiff's health and safety (i.e., those actions related to Plaintiff's allegations of threats, excessive force, failure to protect, and unconstitutional conditions of confinement) violated Plaintiff's Fourteenth Amendment rights to due process or equal protection. Under these circumstances, Plaintiff's allegations fail to support a claim under the Fourteenth Amendment. *See*

*Pettway v. Lindsey*, No. 2:26-CV-313, 2026 WL 890402, at *3 (S.D. Ohio Apr. 1, 2026) (citing *Wilkinson v. Austin,* 545 U.S. 209 (2005) and rejecting an analogous Fourteenth Amendment claim), *report and recommendation adopted in part, rejected in part on other grounds*, 2026 WL 2333202 (S.D. Ohio Aug. 12, 2026); *see also Albright v. Oliver*, 510 U.S. 266, 288 (1994) (noting that courts have "resisted relying on the Due Process Clause when doing so would have duplicated protection that a more specific constitutional provision already bestowed" (footnote omitted)); *Graham v. Connor,* 490 U.S. 386, 395 n.10 (1989) ("Any protection that 'substantive due process' affords convicted prisoners against excessive force is, we have held, at best redundant of that provided by the Eighth Amendment." (citing *Whitley v. Albers,* 475 U.S 312, 327 (1986))).

Nor can Plaintiff state a plausible Fourteenth Amendment claim based on the alleged violation of prison policies. (*See* Doc. 1-1, at PageID 8). Claims under § 1983 can only be brought for "deprivation of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Thus, "Defendants' alleged failure to comply with [a state] administrative rule or policy does not itself rise to the level of a constitutional violation." *Williams v. Burke*, No. 2:08-CV-123, 2009 WL 1788374, at *1 (W.D. Mich. June 18, 2009). Plaintiff's allegation that any Defendant failed to follow prison policies thus also fails to state a claim for relief. Plaintiff's Fourteenth Amendment claims should therefore de dismissed for failure to state a claim upon which relief can be granted.

**3. Threats**

Plaintiff asserts that prior to the alleged March 27, 2024, altercation, Defendant Pollock threatened him. (Doc. 1-1, at PageID 8). Although it is somewhat unclear whether Plaintiff includes the allegation as background for his excessive-force and failure-to-protect claims, or as an independent claim, the Court will presume, consistent with the liberal construction afforded pro

se complaints, that Plaintiff asserts it as an independent Eighth Amendment claim. *See Erickson*, 551 U.S. at 94. Nevertheless, even construing the allegation liberally, Plaintiff still fails to state a claim on this count.

"Harassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation." *Mallory v. Smith,* No. 3:17-CV-253, 2017 WL 3484690, at *3 (W.D. Ky. Aug. 14, 2017) (collecting cases); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Ivey*, 832 F.2d at 955) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *see also Small v. Brock*, 963 F.3d 539, 542 (6th Cir. 2020) (finding a plausible claim based on—unlike here—specific allegations that a prison official, without provocation, "threatened the prisoner's life on multiple occasions and took concrete steps, such as aggressively brandishing a deadly weapon, to make those threats credible").

Here, Plaintiff does not indicate the context of the alleged threatening behavior. (*See* Doc. 1-1, at PageID 8). He merely makes the accusation broadly, stating that he was threatened, without any further factual development. Although potentially relevant to the claims that are proceeding, Plaintiff's conclusory assertion that Pollock threatened him, without more, does not amount to a constitutional violation. Plaintiff's Eighth Amendment threats claim should therefore be dismissed for failure to state a claim upon which relief can be granted.

**4. Personal Involvement**

Plaintiff fails to plead a plausible claim against Defendants Nalls, Atwood, Smith, Knisley, Reese, or Caldwell. To plead a claim under § 1983, a plaintiff must allege facts showing two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of*

*Educ.,* 542 F.3d 529, 534 (6th Cir.2008) (citing *McQueen v. Beecher Cmty. Sch.,* 433 F.3d 460, 463 (6th Cir.2006)). To sufficiently plead the second element, a plaintiff must allege "personal involvement." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior.*" *Id.*

Here, Plaintiff merely alleges that Nalls, Atwood, Smith, Knisley, Reese, and Caldwell "aided and assisted" the Defendants in "the deprivation of Plaintiff's constitutional rights." (Doc. 1-1, at PageID 10-11). Without additional facts, the Court cannot reasonably infer that these Defendants were personally involved in any alleged violation of Plaintiff's rights. Instead, Plaintiffs' allegations against these Defendants consist of nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. Such pure legal conclusions, or "legal conclusion[s] couched as . . . factual allegation[s]," fail to satisfy the basic federal pleading requirements set forth in Rule 8(a). *Twombly,* 550 U.S. at 555. Plaintiff's § 1983 claims against Defendants Nalls, Atwood, Smith, Knisley, Reese, and Caldwell should therefore be dismissed for failure to state a claim upon which relief can be granted.

**5. Claims under the Ohio Constitution**

Plaintiff's claims under Article I, Sections 1 and 16 of the Ohio Constitution should be dismissed because "Ohio does not recognize a private right of action for violations of its Constitution." *See Williams v. Vill. of Junction City*, No. 2:24-CV-106, 2024 WL 5715314, at *3 (S.D. Ohio Jan. 24, 2024) (collecting cases). As such, Plaintiff's claims under the Ohio Constitution should be **DISMISSED WITH PREJUDICE**.

**6. Conclusion**

In sum, Plaintiff may proceed at this juncture on the following claims:

1. Plaintiff's Eighth Amendment excessive-force claims against Defendants

Pollock, Row, King, Teixeira, and Brabson;

2. Plaintiff's Eighth Amendment failure-to-protect claim against Defendant Lindsey; and
3. Plaintiff's Eighth Amendment deliberate indifference claim for the lack of medical treatment for his broken foot and rib against Defendants Pollock, Row, King, Teixeira, Lindsey, and Brabson.

**IT IS THEREFORE RECOMMENDED THAT:**

The Complaint be **DISMISSED WITH PREJUDICE**,[3] pursuant to 28 U.S.C. § 1915(e)(2)(B), **as to the following:**

1. Plaintiff's Fifth Amendment claim, Fourteenth Amendment claim, and Eighth Amendment claim for threats and claims;
2. Plaintiff's claims under the Ohio Constitution; and
3. Claims against Defendants Nalls, Atwood, Smith, Knisley, Reese, and Caldwell.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff has failed to provide a completed U.S. Marshal form for Defendant Lindsey for purposes of service of process because the form provided for Defendant Lindsey is not signed by Plaintiff. (*See* Doc. 1-4, at PageID 44). In light of this omission, the **CLERK OF COURT** is **DIRECTED** to return a copy of that submission to Plaintiff along with a copy of this Report and Recommendation. Within **THIRTY (30) DAYS** of the date of this Order, Plaintiff is **ORDERED** to sign and return to the Court the U.S. Marshal form for Defendant Lindsey. Once

[3] The Sixth Circuit has interpreted § 1915(e)(2) to mandate "that a complaint filed by a [plaintiff] proceeding in forma pauperis be dismissed with prejudice if it is frivolous or fails to state a claim." *Hix v. Tennessee Dept. of Corrections*, 196 F. App'x 350, 354 (6th Cir. 2006) (citing § 1915(e)(2)); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("The language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners.").

the Court receives the completed U.S. Marshal form, the Court will order service of process of the Complaint by the United States Marshal on this Defendant.

3. Plaintiff, however, has provided completed service forms for Defendants Pollock, Row, King, Teixeira, and Brabson, as well as a completed Summons form for Defendant Lindsey. In order to keep this case moving in the interim, the **CLERK** is **DIRECTED** to issue summonses for all remaining Defendants and provide service documents to the United State Marshals for all Defendants except Defendant Lindsey.

4. The United States Marshal shall serve a copy of the Complaint, summons, the separate Order issued granting Plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon Defendants Pollock, Row, King, Teixeira, and Brabson, as directed by Plaintiff. (*See* Docs. 1-3, at PageID 19–28; Doc. 1-4, at PageID 46–48, 53–54 (containing copies of service documents)).

4. In accordance with footnote 2, before service of process, the **CLERK** is **DIRECTED** to remove the exhibit attached to the Complaint (Doc. 1-1, at PageID 11–14) and refile it as an exhibit to the motion to proceed *in forma pauperis* (Doc. 1).

5. Plaintiff shall inform the Court promptly of any changes in his address that may occur during the pendency of this lawsuit.

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and

Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**